NO. 07-10-00479-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 25, 2011

_____

CHRIS ALLEN MCLAIN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A18122-0908; HONORABLE EDWARD LEE SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Chris Allen McLain, filed a notice of appeal from his conviction for possession of a controlled substance, and sentence of four years' incarceration in the Institutional Division of the Texas Department of Criminal Justice and $1,000 fine. The appellate court clerk received and filed the trial court clerk's record on December 20, 2010. The official court reporter filed a request for extension of time to file the record on December 14, indicating that appellant had not paid or made arrangements to pay for the reporter's record. On December 15, this Court sent correspondence to appellant directing him to pay or make arrangements to pay for the reporter's record by January

17, 2011, or the deadline for appellant's brief might be set in the absence of the reporter's record. On January 18, this Court received a second request for extension of time to file the reporter's record, which again identified that appellant had not paid or made arrangements to pay for the reporter's record. On January 26, this Court notified appellant that his brief would be due on or before February 25. When appellant failed to comply with this deadline, the Court sent appellant notice that his brief was past due and advised appellant that failure to file his brief by March 14, may result in the appeal being abated and remanded to the trial court for further proceedings. To date, appellant has failed to file his brief or in any manner respond to our notices.

Accordingly, we now abate this appeal and remand the cause to the trial court. See TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and whether appellant desires that counsel be appointed to represent him on the appeal; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court appoints counsel for appellant or if appellant retains counsel, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. See TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than April 20, 2011.

Per Curiam

Do not publish.

3